PONDER, Justice.
 

 The surviving widow and children of Ansil N. Simmons, Sr., hereinafter referred to as the Simmons heirs, brought an action in jactitation alleging that they are the owners and in possession of Bellewood Plantation containing 1,375.30 acres of land located in the Parish of Assumption and that the defendants, Mrs. Eda Dossat Hanson and her mineral lessee, are slandering their title to the land by placing of record a purported oil, gas and mineral lease. Mrs. Hanson answered setting up title to the land and thereby converted the suit into a petitory action. The Simmons heirs interposed pleas of estoppel, prescription of ten years and prescription of thirty years. On hearing of the case, the trial
 
 *443
 
 court gave judgment in favor of the Simmons heirs ordering the cancellation of the oil, gas and mineral lease executed by Mrs. Hanson and rejected defendants’ demands. Mrs. Hanson has appealed.
 

 Bellewood Plantation was acquired by Charles H. Munson, Rodolph H. Webster and Ansil N. Simmons, Sr., jointly, on January 25, 1919 for a consideration of $30,000, one-half of the purchase price was paid in cash and the balance was represented by notes secured by vendors’ lien and privilege. On the same day the purchasers executed an act of mortgage in favor of the Bank of Assumption in the sum of $5,000. The property was acquired during the existence of the community between Webster and his wife, now Mrs. Hanson. At the time Webster died, on March 18, 1921, the notes given to secure the balance of the purchase price were still outstanding and unpaid and the mortgage given the bank had not been satisfied. There were other outstanding debts incurred in the operation of Bellewood Plantation as a sugar farm prior to his death. On April 8, 1921, shortly after the death of Webster, his wife, now Mrs. Planson, executed an act of renunciation. This renunciation was by notarial act wherein Mrs. Hanson appeared as widow in community and renounced the succession of her deceased husband. It is stated in the act of renunciation that the widow declared that “the Succession of Rodolph PI. Webster is now being opened before the 27th Judicial District Court in and for the Parish of Assumption. That appearers desire to formally renounce the succession of the deceased.” There were no children of the marriage between Webster and his wife and the wife and Webster’s mother, Mrs. L. B. Webster, were his only heirs. On the same day that Mrs. Hanson executed the renunciation, Mrs. L. B. Webster, the mother of the deceased, petitioned the court to send her into possession of a one-third interest in Bellewood Plantation alleging therein that Mrs. Hanson had renounced the succession and by virtue of such renunciation she was called alone to the inheritance of all the property left by her son which she accepted unconditionally and described a one-third interest in the plantation. On the same day she was sent into possession of a one-third interest in the plantation by a judgment of court. The next day, April 9, 1921, Mrs. L. B. Webster sold the one-third interest in the plantation to Simmons and Munson. At the time that all this transpired Mrs. L. B. Webster and Mrs. Hanson were residing in the same house.
 

 Simmons acquired Munson’s interest in the plantation by an act of sale dated December 31, 1923. The Simmons heirs have continued to exercise ownership over this property as sole owners since that date. Mrs. Hanson has never paid any taxes on it, received any revenues from it, or sought an accounting. She has not asserted any title to any interest in the plantation prior to the filing of this suit.
 

 
 *445
 
 We are aware of the fact that where an agreement exhibits no uncertainty that it is presumed to express exclusively the intent of the parties. See Articles 1017, 1945, subds. 2, 3, 1963 of the LSA-Revised Civil Code. Article 1959 provides: “However general be the terms in which a contract is couched, it extends only to the things concerning which it appears that the parties intended to contract.” In interpreting a contract the relation of the parties may be considered, their connection with the subject matter of the contract and the circumstances under which it was made in determining the intention from the entire agreement. Adeline Sugar Factory Co. v. Evangeline Oil Co., 121 La. 961, 46 So. 935. The language of a contract controls if it is plain but where the contract as a whole and the circumstances surrounding it imports a meaning not manifestly intended the intent of the parties would govern. Interstate Trust & Banking Co. v. Liquidators of People’s Bank & Trust Co., 143 La. 574, 78 So. 968; T. S. C. Motor Freight Lines v. Leonard Truck Lines, D.C., 57 F.Supp. 628. In interpreting an agreement the intention of the parties and the effect given to it must be ascertained. Losecco v. Gregory, 108 La. 648, 32 So. 985; United Carbon Co. v. Interstate Natural Gas Co., 176 La. 929, 147 So. 37; General Talking Pictures Corporation v. Pine Tree Amusement Co., 180 La. 529, 156 So. 812. The interpretation placed on an agreement by the parties to it is always considered in arriving at the true intention. Breard v. Pyramid Oil & Gas Co., 191 La. 420, 185 So. 303; Book v. Schoonmaker, 210 La. 94, 26 So.2d 366.
 

 It appears from the renunciation that Mrs. Planson appeared therein as
 
 widow in community
 
 and
 
 not
 
 as an
 
 heir
 
 in renouncing her husband’s succession and that she was aware that the succession was then being opened and asserted no claim therein. She evidently knew that Belle-wood Plantation was heavily encumbered with debts at the time and that her mother-in-law, Mrs. L. B. Webster, had been placed in possession of the entire one-third interest in the plantation and on the next day had sold same because she was living with her in the same house at that time. The deed has been of record all of this time and Mrs. Hanson has been living in that community without asserting any claim of ownership of any interest in the plantation until this suit was filed. When this case was tried she did not take the stand and testify although she had been subpoenaed and was present in court. As we take it, she undoubtedly intended to renounce all the interest she had in the property. The renunciation is ambiguous and when the surrounding circumstances above referred to are considered it was evidently the intention of Mrs. Hanson to renounce all interest that she had in Bellewood Plantation both as widow in community and as heir. The trial judge was of the same opinion and we find no error in his conclusion. Since we have arrived at that
 
 *447
 
 conclusion, it is not necessary to pass on the pleas interposed by the Simmons heirs.
 

 For the reasons assigned, the judgment is affirmed at appellants’ cost.