96 So.2d 63

Buell R. KENDRICK et ux.

v.

Marvin R. GARRENE et ux.

No. 43183.

May 6, 1957.

Rehearing Denied June 10, 1957.

A. J. Spedale, Bryant W. Conway, Baton Rouge, for defendants-appellants.

Lemuel C. Parker, Teddy W. Airhart, Jr., Baton Rouge, for plaintiffs-appellees.

SIMON, Justice.

This is one of the two cases arising out of a contract to buy and sell real estate and comes to us by appeal from a judgment rendered by the Nineteenth Judicial District Court maintaining and making executory the writ of sequestration sued out herein, ordering the subject property, together with any funds on hand, after payment of any costs, returned to plaintiff. It was also ordered that the sequestration bond be cancelled.

The issue herein presented arises out of the same issue presented and determined by us in the case of Kendrick v. Garrene, 233 La. 106, 96 So.2d 58, both cases having been consolidated for purposes of appeal.

In the instant case plaintiffs answered this appeal and prayed for damages alleging that this appeal is frivolous and without merit. We find no merit in this contention for it is the well-established principle of law that appeals are favored and aided by the Courts. State ex rel. Durand v. Parish Judge, 30 La.Ann. 282; First

Nat. Bank of Ruston v. Lagrone, 164 La. 907, 114 So. 832; Pool v. Gaudin, 207 La. 403, 21 So.2d 424. One against whom a final judgment has been rendered in a cause in which an appeal is given by law, is entitled to an appeal as a matter of right. La. Code of Practice, Art. 565. Having a right of appeal, the law itself regulates the effect to be given such appeal. Young v. Village of Bossier City, 152 La. 18, 92 So. 719.

Accordingly, for the reasons assigned in the case of Kendrick v. Garrene, 233 La. 106, 96 So.2d 58, the judgment of the trial court is affirmed, all costs to be borne by defendants-appellants.