SIMON, Justice.
This is one of two suits arising out of a contract to buy and sell real estate. The suits were instituted in separate parishes, and separate judicial districts, but have been consolidated for purposes of appeal- *109 The instant suit was filed in the Eighteenth Judicial District Court, Parish of Pointe Coupee, the domicile of the defendants, for the recision of the contract. The other was filed in the Nineteenth Judicial District Court, Parish of East Baton Rouge, the situation of the property involved, seeking the issuance of a writ of sequestration affecting the subject property.
The record reveals that this litigation is the culmination of a chain of events which began on July 1, 1950, when plaintiffs and defendants entered into a written contract wherein defendants agreed to purchase from plaintiffs certain property therein described for the price of $15,500. Simultaneously with the execution of the contract, the purchaser paid $500 to the vendor and agreed therein to pay $150 a month on the first day of each succeeding month, said agreement to be in effect for two years before the formal act of sale was to be executed and all amounts thus paid to be applied directly to the retirement of the principal. The purchaser further agreed to pay all interest falling due on a certain mortgage encumbering the property. No other interest payments were to be made by or charged to the purchaser except those called for by the mortgage clauses referred to in the contract.
The contract also provided that should the purchaser default in any of the payments agreed upon and should he and the vendor fail to reach an agreement in connection therewith, the purchasers would, upon receipt of thirty days’ notice, vacate the premises, and that all amounts paid in connection therewith would be deemed forfeited.
Upon the execution of the contract dated July 1, 1950 defendants took possession of the property with all of its improvements and received all revenues and income flowing therefrom, such as rentals, in the sum of $3,990, in addition to their occupancy of a portion of the premises as a residence for twenty-four months, the rental value of which was computed to be $50 per month, or the sum of $1,200.
Defendants failed to pay the installments as agreed upon, and as of May 20, 1952 they had paid the total sum of $800 on the sale price of $15,500, leaving a balance of $14,700 due as of that date.
On May 20, 1952, the defendants executed a new contract to purchase the plaintiffs’ property, for the price of $14,700, said price being the unpaid balance due under the 1950 contract. The new contract embodies the following changes in the terms of payment:
“(1) The sum of Seventy-Five ($75.-00) Dollars is due and payable on or before May 16, 1952, and an equal amount is to be due and payable on or before the same day of each succeeding month thereafter until the sum of Seven Thousand Five Hundred ($7,500.00) Dollars has been paid in full.
*111 “It is understood by the parties hereto that said property is encumbered by a certain mortgage in favor of -- Hays in and for the sum of $7,500.00 and that the vendors are to make payments on said mortgage in amounts equal to payments made under this agreement.
“(2) The balance of Seven Thousand Two Hundred ($7,200.00) Dollars is represented by One (1) certain promissory note, dated this day, to the order of Buell R. Kendrick, in the sum of $7,200.00 due and payable in equal monthly installments of $75.00 each, the first monthly installment being due and payable on or before October 16, 1960, and one equal installment being due and payable on or before the same day of each succeeding month thereafter until all paid, said note stipulating to bear interest at the rate of Four (4) per cent per annum from date until paid, payable monthly, beginning May 16, 1952, all payable at the American Bank and Trust Co., Baton Rouge, Louisiana.
“The vendors agree to convey good and valid title when the sum of $7,500 has been fully paid. The balance of the purchase price as of date of sale is to be represented by a first mortgage note payable as note described in Two (2) above, bearing the same rate of interest.”
Subsequent to and in accord with the agreement dated May 20, 1952, defendants made payments in the sum of $99 per month, $75 being the amount paid to be applied to the Hays mortgage note and $24 to be applied in payment of interest due for $7,200.
Defendants failed to pay the installment due on June 16, 1955, but on July 15, 1955 sent plaintiffs a check in the sum of $198 to cover the two monthly installments. The check was not honored by the drawee bank and was returned unpaid to plaintiffs who' thereupon notified defendants. As a result thereof a controversy arose between the parties concerning the responsibility of paying the accruing interest on the Hays mortgage note referred to in the agreement of May 20, 1952. Whereupon, the defendants offered to continue to pay $99 per month, $75 to be applied to the principal of the Hays mortgage note, and $24 to be applied to the accruing interest on the note of $7,200, representing part of the purchase price, the principal of which, with interest, was due and payable in installments beginning in October, 1960. Hence defendants sought to absolve themselves of the payments of any accruing interest on the Hays mortgage note. This offer was rejected by plaintiffs as not being in accord with the terms of the contract; and on August 6, 1955 plaintiffs instituted the instant suit, seeking a recision of the contract and recovery of accrued monthly installments, plus attorney’s fees.
*113 Defendants answered denying a breach of the contract. In their reconventional ■demand they aver that, should the contract be ordered rescinded, they are entitled to a money judgment for a sum equal to payments made on the purchase price and for reimbursement of costs of repairs, taxes, 'insurance, improvements and for other ■costs incurred by them, aggregating the sum of $7,823.69.
The trial court rendered judgment in favor of plaintiffs rescinding the contract •dated May 20, 1952 and awarding to plaintiffs the sum of $600 as attorney’s fees. Plaintiffs’ demand for accrued installments and defendants’ reconventional demand were dismissed. Defendants appealed. Plaintiffs answered praying that said judgment be amended so as to increase the award of attorney’s fees to $2,500, and, .as thus amended, affirmed.
During the pendency of the instant suit in the lower court, plaintiffs, on October 31, 1955, instituted a suit in the Nineteenth Judical District Court, Parish of East Baton Rouge, wherein they sought the issuance ■of a writ ordering the sequestering of the subject property. Coupled with said writ of sequestration plaintiffs sought a money judgment in the sum of $495 representing past due installments under the contract, .and for the sum of $1,500 attorney’s fees. Following the issuance of said order the defendants filed a motion to dissolve said writ on the ground of improper venue, contending that the suit was one in personam against a non-resident, and not one in rem. Defendants also filed exceptions of lis pendens and exceptions of no right and no cause of action.
The trial court concluded that the suit was one in rem and rendered judgment maintaining and making executory the writ of sequestration. It further ordered that the possession of the subject property be delivered to plaintiffs, together with the payment to plaintiffs by the sheriff of any funds on hand, after payment of costs. Defendants appealed from said judgment;[1] and plaintiffs answered and seek damages for frivolous appeal.
Plaintiffs contend that by the terms of the contract dated May 20, 1952, the $75 monthly payments made by the purchaser were to be applied to payments of the Hays mortgage note until it is paid in full, both in principal and interest.
On the other hand, defendants contend that the agreement of May 20, 1952 contains no obligation other than those expressly contained therein; that the contract makes no reference to the payment of accruing interest on the Hays note; that in the absence of such expressed *115 provision as to payments of interest, their sole obligation is to make one hundred monthly payments of $75 each, which would thereby constitute full payment of the principal of $7,500 called for by the Hays note. The defendants therefore contend that the payment of accrued interest on the Hays note is an obligation to be discharged by the plaintiffs.
A determination of the responsibilities of the parties as to the interest on the $7,500 Hays note necessitates an interpretation of the provisions contained in the May 20, 1952 agreement relative to said indebtedness.
It must be conceded that the contract of May 20, 1952 makes no expressed provision for payment of the interest due on the Hays mortgage note. However, we find therein the obligation assumed by the defendants to pay the sum of $75 monthly “until the sum of $7,500 has been paid in full,” which unquestionably means a full and complete payment of the mortgage indebtedness. Furthermore, we fail to find any provision in said agreement which would expressly or impliedly relieve the defendants from the obligation of discharging this mortgage indebtedness in full.
At best, defendants’ contention is strikingly novel in that they, having obligated themselves to liquidate and pay in full an outstanding mortgage indebtedness encumbering the property, attempt to segregate the interest from the principal and represent that by the payment of the principal only they would discharge the obligation so assumed. They cannot be heard to say that accruing interest is not a part of a a principal obligation. Obviously there can be no full payment of the Hays mortgage note which was assumed by defendants until payment thereof has been made in full, both in principal and interest. We are in full accord with the trial judge that a contrary conclusion would be entirely unwarranted and unreasonable under the circumstances presented herein and would be a gross deviation from usual and customary business practice.
Furthermore, it is difficult to perceive that plaintiffs would voluntarily enter into an agreement to sell the property in question for the sum of $14,700 entirely on credit, and to allow the defendants to receive the revenues from and enjoy the possession thereof, while exacting interest on only $7,200, or less than half of the purchase price.
At an end to arrive at the true intention of the parties as to who would be obligated to pay the interest on the Hays mortgage note the trial court, over objections of defendants, admitted in evidence the original contact between the parties of 1950. The provisions of this original contract imposes upon the defendant the obligation of paying the interest charges as well as the principal indebtedness represented there *117 by, or, in other words, fully discharge the mortgage indebtedness. We find no error in the ruling of the trial court for it is a well settled principle of law that where the words used in an instrument are not clear and explicit and may in their application lead to absurd consequences, or where its contents exhibit ambiguity and uncertainty, or where the mutual intention of the parties has not been fairly explicit, the court may consider all pertinent facts and circumstances, including the party’s own conclusion of its meaning, rather than adhere to a forced meaning of the terms used. Shoreline Oil Corp. v. Guy, La.App., 189 So. 348; Cooley v. Meridan Lumber Co., Limited, 195 La. 631, 197 So. 255; Hunt Trust v. Crowell Land & Mineral Corporation, 210 La. 945, 28 So.2d 669; Simmons v. Hanson, 228 La. 440, 82 So.2d 757; Cardos v. Cristadoro, 1955, 228 La. 975, 84 So.2d 606.
We are therefore convinced that in accordance with the agreement of the parties the formal title to the property would not have been transferred to the defendants until the mortgage indebtedness had been paid in full, both principal and interest. Any other interpretation or conclusion would be strained and untenable. Accordingly, we conclude that the defendants’ failure to make the installment payments on the purchase price of the property as called for in their agreement of May 20, 1952 constituted a breach thereof warranting its recision.
As above stated, while this suit was pending in the Eighteenth Judicial District Court, plaintiffs instituted sequestration proceeding on October 31, 1955 in the Nineteenth Judicial District Court, and by order of the latter court the property was seized on November 3, 1955 and all revenues therefrom from date of sequestration were delivered to plaintiff by sheriff of that parish.
In the instant suit for the recision of the contract, plaintiffs sought recovery for past payments due on the property, that is, unpaid installments, or the sum of $596 due from June to November when the property was sequestered. The trial court denied recovery of this item on the ground that the demand for the past due installments was inconsistent with the demand for a recision of the contract. We find no error in said denial. However, we shall reserve to the plaintiffs the right to sue for such rentals and any other rights which may have flowed from the possession and occupancy of said property by the defendants subsequent to the date of the filing of this suit.
We discern error in the judgment in favor of plaintiffs for attorney’s fees in view of the fact that the agreement to buy and sell made no provision therefor in the event of default by either party. For this reason the demand for attorney’s fees should have been denied.
*119 By reconventional demand, defendants sought reimbursement for sums expended in maintenance of and improvements to the property during their possession thereof as well as reimbursement for sums paid on the purchase price. Mr. Garrene, one of the defendants, testified that the said repairs and improvements consisted mainly of changing the nature of the premises situated on the property from commercial to residential, for which the following expenditures were made by him :
Lumber and mill work $1,159.85
Hardware, painting & plumbing 1,180.76
Electrical work 152.09
Insurance & advertising 87.53
Utilities 693.31
Labor 313.83
Labor by defendant — 400 hours 750.00
Payments on contract 3,564.00
Total $7,901.37
During their possession and occupancy of the property defendants received rentals in the sum of $3,990, and for a period of twenty-four months occupied part of the premises as their residence, which apartment would have realized a rental of $50 per month. Thus, defendants realized revenues in the minimum sum of $5,190 during their occupancy.
By the terms of the May 20, 1952 agreement, the defendants were obligated to maintain the property in proper state of repair at their expense, pay taxes and sewer charges and keep the building insured. While occupying said property, at their own will and volition, defendants converted the nature of the premises from commercial to residential to serve their own convenience and to realize rentals therefrom. Expenditures for this conversion were made while defendants enjoyed the revenues, use- and occupancy of the property. We discern no error in the judgment of the trial court dismissing defendants’ reconventional demand.
Defendants cite the case of Atkins v. Smith, 207 La. 560, 21 So.2d 728 to sustain their position or claim for reimbursement for repairs or for reimbursement of payments of $99 per month on the purchase price. This case is not applicable having dealt with a factual situation decidedly different from that of the instant case.
Accordingly, for the reasons assigned,, it is ordered, adjudged and decreed that the-judgment of the trial court be reversed, annulled and set aside insofar as it awarded, attorney’s fees in the sum of $600 and in. all other respects tire judgment of the trial, court is affirmed.
It is further ordered, adjudged and decreed that the right to sue for rentals and any other rights flowing from the possession of the subject property by the defendant to the date of the filing of this suit be reserved unto plaintiffs herein.
All costs of this appeal to be paid by defendants.

. Plaintiffs filed a motion to dismiss the appeal, which motion was overruled by ,us by opinion rendered Monday, Deeember 10, 1956. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603.