YARRUT, Judge.
Plaintiffs-appellees move to dismiss defendant-appellant’s appeal on the ground the record does not contain a transcript of the testimony, nor a statement of facts by the trial judge as permitted by law, charging that neither was prepared.
Plaintiffs-appellees, as heirs of the inter vivos donor, sue defendant-appellant for the revendication of a tract of land in Plaquemines Parish, and for an injunction to restrain defendant-appellant from transferring possession or title pending trial on the merits. The basis for the annulment and revendication is the alleged violation of the conditions of the donation, which conditions are quoted below.
A preliminary injunction was issued and later perpetuated, and judgment rendered on the merits by default, ordering the recision of the donation, originally made to the New Orleans Airport Commission, and subsequently transferred to defendant-appellant. From this judgment defendant-appellant was granted a suspensive appeal.
The original donation to the Airport Commission, on October 19, 1925, contains the following conditions, to-wit:
*283 “The said George A. Hero further declares that this donation is made in consideration of his public interest in the development of all manners and modes of transportation through the air and in further consideration of the promise by the donee through its said appearer herein, which said promise shall be binding upon the successors and assigns of the donee, that said property herein donated shall never be used for any purpose other than a terminal for aircraft and that the said property shall forever be made available as such terminal for aircraft for any persons, firms or corporations desiring to use same.
% ‡ i]<
“The said donor hereby stipulates and it is agreed that in the event of the violation by the donee, its successors or assigns, of any of the conditions of this donation, that the said described real estate shall return to the donor, his heirs or assigns, and that appropriate proceedings may be instituted under those circumstances, to reconvey title to the donor herein.”
Defendant-appellant was not present or represented at the trial. Plaintiffs-appel-lees’ attorney proceeded with the case and introduced seven exhibits, and called one witness to testify. The record contains the seven exhibits, but not the testimony of the lone witness.
In determining motions to dismiss on account of incompleteness of the record, our courts have always considered the surrounding circumstances, and permitted completion of the record, either by stipulation or by remand, rather than dismiss the appeal, since appeals a're favored in furtherance of justice. Kendrick v. Garrene, 233 La. 121, 96 So.2d 63; Esso Standard Oil Company v. Jordan, 231 La. 594, 92 So.2d 377; Godchaux Sugars v. Ockman, La.App., 68 So.2d 206; Phelan v. Wilson, 114 La. 813, 38 So. 570.
In Clostio’s Heirs v. Sinclair Refining Co., La.App., 36 So.2d 283, 286, the Court said :
“There are a number of decisions which point out that where the motion to dismiss the appeal strikes at the foundation of the right of the appeal itself, the motion should be maintained, whereas if the motion relates to some informality in connection with the appeal which does not affect the right of appeal itself or the jurisdiction of the Appellate Court, such informality should not result in preventing a review of the case by the Appellate Court. Coreil v. Town of Welsh, 120 La. 557, 45 So. 438; Haydel v. Major, La.App., 19 So.2d 628; Watson v. Young, La.App., 34 So.2d 86.”
Counsel for plaintiffs-appellees also contends that appellant no longer has an interest to prosecute this appeal, because the Federal Government has since acquired the land by expropriation. While the record does not disclose this fact (but all counsel concede it), the expropriation would merely convert the issue from that of revendication of title to the land to that of the ownership of the expropriation funds. This issue can only be decided when the matter is heard here on the merits.
There is nothing in the record to indicate that the incompleteness of the record can be entirely imputed to the defendant-appellant.
For the reasons assigned, the motion to dismiss the appeal will be referred to the merits, and the defendant-appellant and plaintiffs-appellees given until May 17, 1961, to complete the transcript as permitted by C.P. Arts. 602, 603; the record, after the date stated, to be considered on the merits as in any other case argued and submitted in due course.
Motion to dismiss referred to merits.