131 So.2d 355 (1961)
Lena Cavalino FLEURY
v.
Marcel V. FLEURY.
No. 176.
Court of Appeal of Louisiana, Fourth Circuit.
June 12, 1961.
Rehearing Denied June 30, 1961.
*356 Frank J. Shea, New Orleans, for defendant-appellant.
James Thomas Connor, New Orleans, for plaintiff-appellee.
Before McBRIDE, REGAN and SAMUEL, JJ.
SAMUEL, Judge.
The litigants were married to each other in 1913. During the year 1920 the defendant-husband acquired in his name certain immovable property, a double cottage designated by the municipal Nos. 818-820 Upperline Street in Square No. 196 in the Sixth District of New Orleans. Because of a fear of losing the property as a result of business difficulties, title thereto was transferred to the plaintiff-wife by means of the usual sale and resale through a local homestead association. Plaintiff and defendant separated in 1926 and lived separate and apart continuously thereafter, although neither ever filed suit for a separation from bed and board. Later, in 1927, defendant encountered further business difficulties, being confronted, among others, with a suit subsequently reduced to a money judgment against both himself and his wife, and title to the property was transferred from the wife to a Miss Mary Sullivan, a mutual friend of both litigants. In 1933 Miss Sullivan transferred the property to plaintiff by a cash act of sale which recited that plaintiff was buying the property with her own separate funds, under her separate administration and control. In 1937 the husband secured a default judgment of divorce on the grounds of continuously living separate and apart for more *357 than four years. His petition for divorce contained no mention of community property. Plaintiff and defendant lived together in the property until their separation in 1926. Thereafter plaintiff lived in one side of the property and collected rent from the other side until 1956, including that period during which the property was in the name of Miss Sullivan. Plaintiff moved from the premises in 1956 but continued to collect the rents thereafter. Prior to his answer filed in this suit defendant never sought a partition of the property nor did he claim any of the rents collected therefrom.
Plaintiff filed this declaratory action in which she seeks a judgment recognizing the property as separate and paraphernal, with the defendant having no interest therein. Defendant answered praying that the property be recognized as forming a part of the community of acquets and gains formerly existing between the litigants and that the litigants be decreed equal owners in indivision.
Property purchased in the name of either spouse during the marriage and the existence of the community of acquets and gains is presumed to be a part of that community and the status of such property is fixed at the time of its purchase. However, where the wife buys property in her own name she may overcome this presumption by showing that the funds constituting the price paid for the property were paraphernal funds, that they were administered by her, and that they were invested by her. The proof necessary to overcome the presumption must be strict, clear, positive and legally certain. LSA-Civil Code, Arts. 2334, 2402, 2405; Succession of Blades, La.App., 127 So.2d 263, and cases cited therein.
We are satisfied that plaintiff has failed to carry her heavy burden of proof in connection with her acquisition from Miss Sullivan in 1933 for a cash consideration of $2,000.00. Only two witnesses testified on this question, Mr. Barnett, an attorney and official for a local homestead, and the plaintiff herself.
Mr. Barnett testified that he knew the plaintiff and that for many years she had done "fine sewing" for many families including his own, earning as much as $5.00 per day with her work. He also established that the homestead records revealed that plaintiff had invested $800.00 in homestead stock in the years 1928-1930 and $500.00 in 1947, the former amount being withdrawn in 1952 and the latter withdrawn at some unknown date. It is obvious, of course, that none of this money so invested could have been applied to the cash purchase from Miss Sullivan in 1933.
The plaintiff testified that she had worked hard continuously since she was twenty years of age with her sewing. By this method she had accumulated $300.00 prior to her marriage, all of which was used to buy furniture which was brought into the marriage. (No claim is made that plaintiff had any separate funds or property at the time of the marriage). Her husband had never supported her well and made no contribution to the repairs and upkeep of the house. She purchased the property in 1933 from Miss Sullivan with money she had worked for and saved herself. She had used the rents to live on. She admitted that some of the money used by her to buy the property from Miss Sullivan was money that she had made by her work and saved during the thirteen years (1913-1926) she was married to and living with her husband.
This is insufficient proof to establish paraphernality of the property. Her testimony, completely unsupported by any other evidence of any kind except the above mentioned testimony of Mr. Barnett, is couched in generalities only. She says that she worked, earned money and saved. But she mentions no amounts, specific or otherwise, except rentals of $18.00 per month during the time that the property stood in the name of Miss Sullivan. In *358 addition, even if we accept as a fact that all of the purchase price was earned and saved by the plaintiff in connection with her sewing, we must also accept her testimony to the effect that these earnings and savings were accumulated over both the thirteen year period from the date of her marriage to the date of her separation, during which time she was living with her husband, and the seven year period from the date of separation to the date of purchase, during which latter time she was living separate and apart from her husband. Her earnings fell into the community while she was married and living with her husband and were her separate property only during the time she was living separate and apart from her husband. LSA-Civil Code, Art. 2334; Fazzio v. Krieger, 226 La. 511, 76 So.2d 713; Drewett v. Carnahan, La.App., 183 So. 103. No evidence was adduced as to what part of the purchase price was obtained from either source. The separate funds have lost their identity by being commingled with community funds. Smith v. Brock, La.App., 200 So. 342. Plaintiff has completely failed to carry her burden of proving the first requirement, i. e., that the funds constituting the purchase price paid for the property were her paraphernal funds.
The property is community and there is no need for us to determine the effect of the simulated sale or sales.
Plaintiff contends that she is entitled to the judgment for which she prays, even though the property be adjudged community at the time of the divorce, because of prescription, estoppel, delay and laches, and renunciation.
She relies on the prescription of ten years as contained in LSA-Civil Code, Art. 3478, which provides that: "He who acquires an immovable in good faith and by just title prescribes for it in ten years. * * *". The article is not applicable. In addition to the fact that prescription having for its object the acquisition of property can only be invoked by one who has had possession as owner and not by one who has been in possession under a mere simulation of ownership (Spivey v. Wilson, 31 La.Ann. 653), the obvious answer to this contention is that, if the property fell into the community upon its acquisition from Miss Sullivan in 1933, and we have decided that it did, plaintiff never acquired title to the property beyond her interest in the community; as opposed to defendant, she has never held title to that portion of the property which she now claims by prescription. In connection with ten year prescription, plaintiff had neither good faith nor just title.
In support of her contention as to estoppel plaintiff cites authorities to the effect that parties are generally estopped by their pleadings in judicial proceedings and particularly are estopped from contradicting in a subsequent action what they have judicially admitted or averred to be true in a previous action between the same parties. Neither this rule nor the cases cited in support thereof are applicable. The defendant's petition for a divorce is simply devoid of any allegation as to the existence or nonexistence of community property. It follows that the defendant's present position and claim can contradict nothing which he had alleged in his divorce petition; he cannot contradict what he has not said. Nor do we know of any law, and none has been pointed out to us, which requires a plaintiff in a divorce suit to allege the existence or nonexistence of community property.
In connection with her contention as to delay and laches plaintiff argues that she has been damaged by the passage of some 23 years from the time the defendant could have asserted his claim in the divorce action, which passage of time has made practically impossible proof of payment of the purchase price with paraphernal funds and for this reason there should be judgment in her favor. The contention is not well founded. As pointed out above, we *359 know of no law requiring that the claim be made at any particular time. Nor was such an obligation, if any such existed, exclusively one on the part of the defendant. Plaintiff had an equal right and obligation to claim the property as paraphernal in the divorce action and at anytime thereafter. This is especially true in view of the presumption of community which places the burden on the wife. It can be fairly said, therefore, that if plaintiff has been damaged by the passage of time, that damage has been occasioned as much or more by her own inaction as that of her husband
The final contention is based on the argument that by not asserting his claim defendant has impliedly renounced his interest in the property. Plaintiff relies on the holding in the case of Simmons v. Hanson, 228 La. 440, 82 So.2d 757. In that case there was an express renunciation of a succession in which the person renouncing appeared as a widow in community and the question was whether or not she thereby also renounced as an heir. In holding that she had renounced in both capacities, the court was not concerned with an implied renunciation. It was concerned only with the extent of an actual renunciation. Therefore Simmons is neither controlling nor applicable in the instant case. The contention of implied renunciation is essentially the same as that made with regard to delay and laches and is not well founded.
Upon the dissolution of the community of acquets and gains by a judgment of divorce or separation from bed and board, property forming part of that community ceases to exist as such and the husband and wife each hold an undivided one-half interest therein. Smith v. Marino, La.App., 28 So.2d 780, rehearing denied La.App., 29 So.2d 390; Daigre v. Daigre, 230 La. 472, 89 So.2d 41.
For the reasons assigned the judgment appealed from is annulled and reversed, and it is now ordered that there be judgment in favor of the defendant and against the plaintiff recognizing the following described property as having formed part of the community of acquets and gains formerly existing between the litigants herein and recognizing and decreeing each of said litigants as the owner of an undivided one-half interest therein to wit:
A Certain Portion of Ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and appurtenances thereunto belonging or in any wise appertaining, situated in the Sixth District of New Orleans, in Square No. 196, bounded by Upperline, Magazine, Constance and Robert Streets, being Square No. 196; which portion of ground forms the front portion of Lot No. Twelve on a plan of J. F. Braun, Architect, dated April 25th, 1887, deposited as Plan No. 72, in the office of A. Hero, Jr., Notary Public, and measures thirty feet front on Upperline Street by a depth of Ninety feet between parallel lines, designated by the Municipal Nos. 818-820 Upperline Street.
Being the same property acquired by the plaintiff herein by act registered in COB 472, Folio 444.
In view of the unusual circumstances involved, it is further ordered that each litigant bear one-half of all costs.
Reversed and rendered.