451 So.2d 151 (1984)
James L. KEAN
v.
Jerry F. LEMAIRE.
No. 83 CA 0663.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*153 George Anding, Watson, Blanche, Wilson & Posner, Baton Rouge, for plaintiff James L. Kean appellee.
H. Michael Aaron, Guy Holdridge, Crawford, St. Amant & Holdridge, Gonzales, for defendant Jerry F. Lemaire appellant.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
This is a suit for the balance due on a building contract. In July of 1974, James Kean and Jerry Lemaire entered into a written contract whereby Kean (a building contractor) was to construct a residence for Lemaire for a stated price of $33,500.00. Kean finished the work he was to do under the contract, and on February 26, 1975, Lemaire filed notice of his acceptance of the work in the office of the Recorder of Mortgages.
On January 26, 1976, Kean filed suit against Lemaire alleging that Lemaire owed him the following amounts: (1) $3,266.03 as the balance due under the contract; (2) $1,875.60 for extras and allowance overages; and, (3) $985.40 for interest on funds which he was forced to borrow to pay suppliers/materialmen. The total amount prayed for was $6,127.03.
After a trial on the merits, the trial judge rendered judgment in favor of plaintiff in the amount of $4,041.63 with legal interest from the date of judicial demand. The amount of the judgment was not itemized, nor were there any written reasons for judgment.
Defendant appeals the ruling of the trial court and assigns the following errors:
(1) The trial court failed to uphold the terms of the builder's contract as orally modified by the defendant;
(2) The trial court erred in holding that additional amounts were owed to the plaintiff as extras; and,
(3) The trial court erred in failing to give the defendant credit for work performed by him, for costs saved and for liquidated damages.

ASSIGNMENT OF ERROR NO. 1
Defendant argues that the trial court failed to uphold the terms of the builder's contract as orally modified.
Defendant contends that plaintiff agreed to construct a residence for $33,500.00, and subsequently it was agreed that this price could be reduced if defendant would do the wallpapering and painting. Plaintiff contends that he sent a letter to defendant in which he submitted a bid of $36,500.00 for a totally completed residence and an alternate bid of $33,500.00 for a partially completed residence (i.e., plaintiff would do the wallpapering and painting). Both parties agree that defendant did do the painting and wallpapering.
The written contract entered into by the parties is a standard "Builder's Contract" which provides that the Contractor "agrees to furnish all materials, to do and perform all the work, and to erect, build, finish and deliver in a perfect and thoroughly workmanlike manner a residence ..". The contract further provides: "In consideration thereof, the said Owner binds and obligates himself to pay to the said Contractor ... the sum of Thirty-three Thousand, Five Hundred and no/100 ___ ($33,500.00) ___ Dollars."
Legal agreements have the effect of law upon the parties, and as they bind *154 themselves they shall be held to a full performance of the obligations flowing therefrom. In determining the rights, obligations and relationships arising from an instrument, courts are bound to give legal effect to the true intent of the parties, and when interpreting or construing such an instrument, all facts and circumstances relevant and pertinent are to be weighed and considered. Cardos v. Cristadoro, 228 La. 975, 84 So.2d 606 (La.1955).
As a general rule, parol evidence is inadmissible to vary, modify, explain or contradict a writing. However, there are exceptions which permit reference to parol and other outside evidence. One such instance is where the mutual intention of the parties has not been fairly explicit. In such instances, the court may consider all pertinent facts and circumstances, including the party's own conclusions rather than adhere to a forced meaning of the terms used. Kendrick v. Garrene, 233 La. 106, 96 So.2d 58 (La.1957).
In the case sub judice, plaintiff testified that he first submitted an oral bid followed by a written bid. In each instance he quoted defendant a price of $36,500.00 for a totally finished residence and an alternate price of $33,500.00 in the event defendant did the painting and wallpapering. A copy of the letter referred to by plaintiff was introduced into the record.
Defendant testified that the only bid he received was $33,500.00 and it covered the complete construction and finishing of the residence. He further testified that he subsequently discussed with plaintiff the possibility of lowering the agreed upon price of $33,500.00 by doing his own wallpapering and painting.
Apparently, the trial judge concluded, and our examination of the testimony and the evidence convinces us that the parties intended the contract price of $33,500.00 to be a reduction in the original contract price resulting from an agreement that defendant would do certain finishing work himself. Plaintiff has proven that he is entitled to the balance due on the contract. It was stipulated at trial that defendant had paid $29,033.97. Plaintiff is, therefore, entitled to the $3,266.03 for which he prayed.[1]

ASSIGNMENT OF ERROR NO. 2
Defendant argues that the trial court erred in holding that additional amounts were owed to the plaintiff as extras.
For purposes of clarity, we will consider each extra or overage claimed by plaintiff individually to ascertain whether sufficient evidence was produced by plaintiff to support his claims. There are ten disputed claims.

(1)
Plaintiff claims he allowed $7.00 per roll for the wallpaper and that defendant chose patterns ranging from $7.95 to $9.65 per roll resulting in an overage of $45.36. The handwritten specification sheet submitted by plaintiff does not state an allowance for wallpaper, therefore, the overage claimed by plaintiff for this item will be disallowed.

(2)
According to the specification sheet, the allowance for appliances was $500.00, but the bills submitted by plaintiff indicate that the total cost of appliances selected by defendant was $719.45, an overage of $119.45. However, as plaintiff has claimed $85.16, only this amount will be allowed.

(3)
The specification sheet indicates an allowance of $200.00 for electrical fixtures, and plaintiff claims there was an overage of $78.84. The record contains no invoices for electrical fixtures and therefore, this claim is disallowed.

*155 (4)
Plaintiff claims that defendant selected carpet costing $9.48/sq.yd. and that the specification sheet allowed only $9.00/sq.yd. resulting in an overage of $63.21. The invoice indicates that a total of 104.17 sq.yds. of carpet was purchased at a cost of $9.48/sq.yd. According to our calculations, this results in an overage of $50.00. This amount will be allowed.

(5)
The specification sheet indicates an allowance of $6.00/sheet, for paneling. Plaintiff claims an overage of $0.75/sheet totaling $67.50. After examining the invoices, we have determined that 77 sheets were purchased at a cost of $6.75/sheet resulting in an overage of $57.75, which will accordingly be allowed.

(6)
The specification sheet indicates an allowance of $1.00/sq.ft. for upstairs bath flooring. Plaintiff claims an overage of $0.20/sq.ft. totaling $33.60. The invoice indicates that a total of 18 sq. ft. was purchased at a cost of $1.20/sq.ft. resulting in an overage of $3.60, therefore only $3.60 will be allowed for this claim.

(7)
Plaintiff claims $402.00 for extra carpentry work. Plaintiff testified at trial that defendant would appear at the construction site and direct the carpenters to make certain changes. In addition, plaintiff submitted a bill he received from Guedry and Patty Const. Co. for $402.00 which was for "Extras requested by Mr. & Mrs. LeMaire on job." Plaintiff is entitled to recover this amount.

(8)
Plaintiff claims as an extra $399.50 for the installation of copper wiring in defendant's residence. Plaintiff submitted a bill from John's Electrical Company indicating that the cost of wiring the house was $1,750.00 and that an additional $399.50 was charged as "Extra for Copper wiring." A letter written by defendant's attorney to plaintiff and introduced into the record indicates that defendant had authorized the use of copper wiring. The $399.50 for the copper wiring will be allowed.

(9)
Plaintiff claims $548.50 for extra siding, which was required when it was discovered that the gables could not be built as drawn, and therefore, would require siding. Plaintiff submitted a bill from A & E Insulation, Inc. which totaled $2,402.17, $548.50 of this amount was designated as "Extras on siding." This amount will be allowed.

(10)
Plaintiff claims that the original plans did not call for front or rear sidewalks, however at defendant's insistence, plaintiff included such sidewalks at a cost of $151.93 for five yards of concrete. The invoices for concrete indicate that the price of the concrete fluctuated from $22.60 to $23.90/yd. Because it is impossible for us to determine the price paid for the concrete used for the sidewalks, we will use the average ($23.25/yd) and allow a total of $116.25 for this claim.
Based on our calculations, plaintiff has proven that he is entitled to $1662.76 in extras and overages.

ASSIGNMENT OF ERROR NO. 3
Defendant argues that the trial court erred in failing to award him $1180.00 for liquidated damages. Defendant contends that the contract provides for liquidated damages in the amount of $10.00 per day for every day after October 31, 1974 that the construction was not completed. A claim for this amount may either be pleaded as an affirmative defense or by way of reconventional demand. LSA-C. C.P. arts. 1005, 1061. As defendant has done neither, this claim is not properly before this court.
*156 Defendant also argues that the trial court erred in failing to allow him a credit for $500.00. Defendant contends he is entitled to the credit, due to the use of a less expensive pre-fabricated fireplace rather than a masonry fireplace. We find no merit in this argument. Plaintiff testified, and the specification sheet indicates, that the less expensive prefabricated fireplace was to be installed initially.

CONCLUSION
Based on the issues presented to us on appeal, we conclude that plaintiff has proven that he is entitled to: (1) $3,266.03 as the balance due on the contract; and (2) $1,662.76 for extras and overages. These amounts total $4,928.79. This is more than the $4,041.63 awarded by the trial court, however, as plaintiff has neither appealed nor answered the appeal, we cannot increase the judgment of the trial court.
For the above reasons, the judgment of the trial court is affirmed. Costs on appeal are to be paid by defendant-appellant.
AFFIRMED.
NOTES
[1] According to our calculations, the balance due on the contract is $4,466.03; however, we cannot increase the amount prayed for. Therefore, we will use the $3,266.03 figure supplied by the plaintiff.