499 So.2d 309 (1986)
Isabelle Moran SCHROETER
v.
Alice M. HOLDEN.
No. CA 85 1012.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
*310 Guy L. Deano, Jr., Mandeville, for plaintiff, appellant.
Joseph Bishop, Mandeville, for defendant, appellee.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
Plaintiff, Isabelle M. Schroeter, appeals the trial court judgment in favor of the defendant, Alice M. Holden. The trial court dismissed plaintiff's claim for liquidated damages on a contract to sell immovable property and ordered the return of the check and promissory note given by defendant as a deposit on the purchase price.
Defendant, a social acquaintance of plaintiff, made an oral offer to purchase plaintiff's home, after having learned of plaintiff's desire to sell. Plaintiff accepted the offer, and on February 10, 1983, plaintiff and defendant executed a purchase agreement for $135,000. At that time, defendant tendered as a deposit a check for $1,000 and a promissory note for $12,500, both of which were payable to the realty firm of Wagner and Truax. Plaintiff, a part-time real estate agent for Wagner and Truax, prepared a standard purchase agreement, and signed the agreement as agent as well as seller/owner. On the purchase agreement, the standard wording relative to the sale being contingent upon purchaser's ability to obtain financing was crossed out, as was the term "cash" relative to the $135,000 price.
Shortly before the act of sale was to be executed, defendant's attorney advised plaintiff in writing that defendant would not be able to purchase the property because of inability to obtain financing. Thereafter, plaintiff's counsel notified the defendant that the title to the property would be tendered as agreed upon. The parties met on the date set for the act of sale, but the defendant refused to purchase the property. Subsequently, plaintiff filed suit seeking the forfeiture of the $13,500 deposit as liquidated damages for breach of contract, plus attorney's fees and costs, as provided for in the purchase agreement. Defendant answered, denying that the document reflected the agreement between the parties, claiming that both parties "understood that defendant would not and could not purchase without acquiring financing."
*311 During trial, the court overruled plaintiff's objection to the introduction of parol evidence and allowed plaintiff to testify, on cross-examination, that prior to signing the agreement, she knew that defendant planned to get a mortgage to finance the property. Plaintiff admitted that she did not believe defendant had sufficient cash to buy the house outright. However, plaintiff denied that she knew it was necessary for the defendant to obtain financing in order to purchase plaintiff's home. Plaintiff was not questioned about why she marked out the financing contingency or the reference to "cash".
Defendant testified that she needed to obtain financing to purchase the property, that plaintiff knew about her need for financing, that she read the purchase agreement prior to signing and that she thought the purchase was to be a cash sale in that she would get the cash from the bank and give it to the plaintiff. A bank official testified that the bank denied defendant's request for a loan because of inadequate income and excessive obligations.
The trial court determined that the contract was ambiguous on its face because the real estate agent and the owner/seller were the same person and ruled that parol evidence was admissible. Based on the record, including the parol evidence, the court found that plaintiff "was aware that the agreement to sell was contingent on Mrs. Holden's being able to secure a loan", and dissolved the contract to sell. After a hearing on plaintiff's motion for a new trial, the trial court again determined that there were ambiguities on the face of the contract relative to how payment of the $135,000 was to be effected, since the reference to cash was deleted, the deposit was partly cash and partly promissory note, and references to the financing contingency were crossed out. The trial court ruled that parol evidence was admissible to evaluate the contract, reached the same conclusions as it had previously and dismissed plaintiff's suit. We agree and affirm.
Plaintiff contends that the trial court erred in admitting parol testimony into evidence in regard to a written contract on immovable property, in contravention of La.Civ.Code art. 2276 (1870).[1]
Courts are bound to give legal effect to all written contracts according to the intent of all the parties and this intent is to be determined by the words of the contract when they are clear, explicit and lead to no absurd consequences. La.Civ. Code art. 1945 (1870).[2] It is well settled jurisprudentially that the meaning and intent of the parties to the written contract in most cases must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. Quintana Petroleum Corp. v. Alpha Inv. Corp., 435 So.2d 1092 (La.App. 1st Cir.1983). However, when the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to the contract's provisions, or the intent of the parties cannot be ascertained from the language used, or fraud is alleged, parol evidence is admissible to clarify the ambiguity or show the intention of the parties or prove the fraud. Thomas v. Knight, 457 So.2d 1207 (La.App. 1st Cir.1984). Whenever the mutual intention *312 of the parties has not been explicitly stated, the court, in endeavoring to ascertain the common intention of the parties, may consider all pertinent facts and circumstances, including the parties' own conclusions, rather than adhere to a forced meaning of the terms used. La.Civ.Code art. 1950 (1870).[3] See Kean v. Lemaire, 451 So.2d 151 (La.App. 1st Cir.1984). Therefore, when parties to a contract imprecisely and incorrectly state what was mutually agreed to, equity requires the one claiming error be given an opportunity to prove by extrinsic evidence the correctness of his claim. Valhi, Inc. v. Zapata Corp., 365 So.2d 867 (La.App. 4th Cir.1978).
It is evident from the face of the purchase agreement that the plaintiff marked through the term "cash" and the clauses relative to financing contingencies. Plaintiff's actions created ambiguities as to how and in what form the agreed upon purchase price of $135,000 was to be paid. Therefore, the trial court properly allowed testimony on how the parties intended payment to be accomplished. We note that the trial court's factual findings thereon are supported by testimony and are not manifestly erroneous.
For the foregoing reasons, we affirm the judgment of the trial court in favor of the defendant. Costs of this appeal are to be borne by the plaintiff.
AFFIRMED.
NOTES
[1] La.Civ.Code art. 1848, effective January 1, 1985, contains the substance of art. 2276, which read as follows:

Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.
[2] La.Civ.Code arts. 2045 and 2046, effective January 1, 1985, contain the principles previously enunciated by art. 1945, which read in pertinent part:

SecondThat courts are bound to give legal effect to all such contracts according to the true intent of all the parties;
ThirdThat the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences;
FourthThat it is the common intent of the partiesthat is, the intention of allthat is to be sought for; if there was a difference in this intent, there was no common consent and consequently, no contract.
[3] La.Civ.Code art. 2045, effective January 1, 1985, now contains the principle previously expressed in art. 1950, which read as follows:

When there is anything doubtful in agreements, we must endeavor to ascertain what was the common intention of the parties, rather than to adhere to the literal sense of the terms.