CRAIN, Judge.
On August 25, 1982, Robert E. Johnston entered into a written employment contract with Alloy Distributors, Inc. (Alloy). The employment contract provided for a three year term of employment (August 25, 1982 —August 25, 1985) and a restrictive covenant under which Johnston agreed not to engage in any competition in any manner whatsoever with Alloy. The restrictive covenant purported to be applicable regardless of the termination of the employment agreement for any reason. Johnston, as a minority shareholder, also entered into a buy sell agreement with Alloy, granting to Alloy and other shareholders the right of first refusal.
Johnston was terminated from his position on January 28, 1984. He was paid through February, 1984. On March 16, 1984, Johnston and Alloy entered into an agreement entitled “Act of Redemption of Common Stock of Alloy Distributors, Inc.” Under the terms of the redemption agreement Alloy redeemed the 500 shares of stock owned by Johnston. The redemption agreement provided in part:
In consideration of the Sale of the shares, and subject to the conditions hereinafter set forth, Alloy agrees to pay to Seller a total sum of SIX THOUSAND AND NO/100 ($6,000.00) DOLLARS.... In further consideration of the sale, Alloy releases Seller from any obligations and waives all rights it may have in the restrictive covenant entered into the Employment Agreement between Alloy and Seller on August 25, 1982, which agreement is hereby cancelled.
On January 15, 1985, Johnston filed this action against Alloy for breach of the employment contract. After trial on the merits the trial court rendered judgment in favor of defendants. From this judgment Johnston appeals alleging as error (1) the trial court’s “finding that the Act of Redemption of Common Stock contained a clause which was a release of Alloy Distributors, Inc. from Robert E. Johnston’s cause of action for breach of contract”; and (2) the trial court’s dismissal of the suit and failure to award damages to plaintiff.
In both assignments of error Johnston contends that the Act of Redemption operated to terminate the restrictive covenant provision of the employment contract, to cancel certain debts owed by Johnston to Alloy and to transfer the common stock owned by Johnston to Alloy. He denies that it served to abrogate the entire employment contract.
A written contract may be revoked or abrogated only by mutual consent of the parties. Sanders’ Camper Village, Inc. v. Coleman Oldsmobile, Inc., 418 So.2d 679 (La.App. 1st Cir.), writ denied, 422 So.2d 163 (La.1982). Where the terms of a contract are ambiguous or the intent of the parties cannot be ascertained from the instrument, parol evidence is admissible. Schroeter v. Holden, 499 So.2d 309 (La.App. 1st Cir.1986).
Marvin Gautier was president of Alloy at the time the redemption contract was signed and was subsequently terminated by Alloy. Gautier testified that at the time of the signing of the Act of Redemption there was no discussion between the parties concerning the employment contract, the reason being that “it was written down there.” Mr. Joe Rena, majority stockholder of Alloy, testified that the Alloy stock was worthless at the time of redemption, however, Alloy paid the $6,000 to Johnston *528 and cancelled a $2,400 debt owed by Johnston to Alloy in order to cancel the entire employment contract.
In oral reasons for judgment the trial court determined that the only value of the stock at the time of its redemption was the good will of an ongoing corporation; Alloy released Johnston from the restrictive covenant provision of the employment contract; Alloy cancelled a debt owed by Johnston to Alloy; the stock was transferred to Alloy; and the entire employment contract was cancelled or revoked by mutual consent of the parties.
The factual findings of the trial court based on reasonable inferences of fact drawn from conflicting testimony should not be set aside on appeal unless manifestly erroneous. Arceneaux v. Adams, 366 So.2d 1025 (La.App. 1st Cir.1978). After careful review of the record we find no manifest error in the trial court’s findings. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Johnston.
AFFIRMED.