673 So.2d 1145 (1996)
TECHE REALTY & INVESTMENT CO., INC., Plaintiff-Appellant
v.
Lawrence E. MORROW, Jr. and Lisa Fusilier Morrow, Defendants-Appellees.
No. 95-1473.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1996.
*1146 Minos H. Armentor, New Iberia, for Teche Realty & Investment Co., Inc.
Lawrence E. "Tony" Morrow Jr., Lafayette, for Lawrence E. Morrow Jr. et al.
Before KNOLL, WOODARD, and PETERS, JJ.
PETERS, Judge.
The plaintiff, Teche Realty & Investment Co., Inc., brought this action against the defendants, Lawrence E. Morrow, Jr. and Lisa Fusilier Morrow, to reform the terms of a cash deed executed by the parties. The plaintiff appeals from the trial court's judgment dismissing its claim.

DISCUSSION OF THE RECORD
In April 1993[1], Teche Realty & Investment Co., Inc. (Teche Realty), a Louisiana corporation, and Lawrence E. Morrow, Jr. and Lisa Fusilier Morrow (the Morrows) executed a document entitled "AGREEMENT TO PURCHASE AND SELL" pertaining to approximately fifty-four acres of land in Iberia Parish, known as Dulcito Plantation, owned by Teche Realty. A clause in the agreement provided that "50% mineral rights and/or royalty interests currently owned will be conveyed to purchaser."
On October 7, 1993, Teche Realty transferred the property to the Morrows by a cash deed prepared by its attorney. The cash deed contained no mention of the reservation of any mineral rights by Teche Realty. W.J. Trappey, Teche Realty's president, executed the cash deed on behalf of the corporation in the presence of its attorney and Jerome Bourque, a member of its board of directors. Teche Realty brought this action to have the cash deed reformed to reflect its ownership of one-half of the minerals in Dulcito Plantation. The Morrows assert that negotiations subsequent to April 1993 resulted in the elimination of the mineral rights provision from the purchase agreement.
At trial, the only evidence presented was a copy of the purchase agreement, a copy of the cash deed, and the testimony of Mr. Morrow. According to Mr. Morrow, the mineral reservation was of no concern to him *1147 when the purchase agreement was executed in April 1993 but became significant during subsequent negotiations. Mr. Morrow testified that additional negotiations arose because of the existence of another clause in the purchase agreement recognizing a right of first refusal in favor of George Trappey, apparently a co-owner of Teche Realty. While acknowledging that the agreement to delete the mineral interest clause was never reduced to writing, Mr. Morrow testified that its deletion resulted from an agreement he reached with W.J. Trappey prior to the property transfer.
Teche Realty appeals the trial court's dismissal of its action, asserting that the trial court erred (1) in allowing Mr. Morrow to verbally contradict the terms of the purchase agreement; (2) in holding that the cash deed expressed the full agreement of the parties; and (3) in not finding that the exclusion of the mineral interest language in the cash deed was the result of mutual error or mistake by the parties.

OPINION
Teche Realty first argues that the trial court erred in allowing Mr. Morrow to verbally contradict the terms of the purchase agreement. We find this assignment of error to be without merit. As a general rule, parol evidence is inadmissible to modify, vary, explain, or contradict the terms of a writing. Kean v. Lemaire, 451 So.2d 151 (La.App. 1 Cir.1984). However, there are limited circumstances where parol evidence will be admissible. La.Civ.Code art. 1848 provides as follows:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.
In this case, Teche Realty contends that the purchase agreement reflects the true intent of the parties and that the act of cash sale should be reformed to conform with that agreement. The Morrows, on the other hand, argue that the purchase agreement was modified by a subsequent and valid oral agreement to delete the reservation on any mineral interest in favor of Teche Realty. Parol evidence is admissible to prove the existence of subsequent agreements that modify a written agreement. La.Civ.Code art. 1848. Therefore, the trial court did not err in allowing Mr. Morrow to testify and verbally contradict the terms of the purchase agreement.
In its remaining two assignments of error, Teche Realty argues that the trial court erred in holding that the cash deed expressed the full agreement of the parties and that the exclusion of the mineral interest language in the cash deed was not the result of mutual error. We also find these assignments to be without merit.
Teche Realty seeks to reform the act of cash sale, contending that it does not accurately reflect the true intent of the parties. Normally, an act of cash sale documents the conclusion of the negotiation process and embodies the final expression of the parties' intent. Esplanade Management, Ltd. v. Sajare Interests, Ltd., 498 So.2d 289 (La.App. 4 Cir.1986). An authentic act constitutes full proof of the agreement it contains, as against the parties. La.Civ.Code art. 1835. Reformation is an equitable remedy which is available to correct mistakes or errors in written instruments only when the instruments as written do not reflect the true intent of the parties. Agurs v. Holt, 232 La. 1026, 95 So.2d 644 (1957). The burden of proof in a reformation action is on the party seeking reformation to establish mutual error and mistake by clear and convincing proof. Id.
A mutual mistake is a mistake shared by both parties to the instrument at the time of reducing their agreement to writing, and the mistake is mutual if the contract has been written in terms which violate the understanding of both parties; that is, if it appears that both have done what neither intended. The evidence of mutuality must relate to the time of the execution of the instrument and show that the parties then intended to say one thing and by mistake expressed another and different thing. *1148 Succession of Jones v. Jones, 486 So.2d 1124, 1127 (La.App. 2 Cir.), writ denied, 489 So.2d 249 (La.1986).
The trial court concluded that the plaintiff had not carried its burden of proof and that the evidence presented did not establish that there was a mutual mistake in the act of cash sale which would require reformation of the instrument. A determination of mutual error is essentially a question of fact, and a trial court's finding with reference to the presence or absence of mutual error should not be disturbed unless it is clearly wrong. Succession of Jones 486 So.2d 1124.
In support of its claim for reformation, plaintiff presented the purchase agreement and the act of cash sale in an attempt to show that the purchase agreement reflected the true intent of the parties and that the mineral rights provision was only inadvertently left out of the act of cash sale. Mr. Morrow testified that the mineral rights provision was not inadvertently left out of the contract but rather was intentionally left out of the contract as a result of negotiations between the parties which occurred after the drafting of the purchase agreement. We do not find that the trial court erred in finding no mutual error in the act of sale or in finding that the act of sale expressed the full agreement of the parties.

DISPOSITION
For the foregoing reasons, the judgment of the trial court is affirmed in all respects. All costs are assessed to Teche Realty & Investment Co., Inc.
AFFIRMED.
NOTES
[1] The Morrows executed the agreement on April 21, 1993, and Teche Realty executed it on April 23, 1993.