# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 21-630

**BYLINE BANK**

**VERSUS**

**ALEXANDRIA HOSPITALITY**

**PARTNERS, L.L.C. , ET AL**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 267,113
HONORABLE PATRICIA E. KOCH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John E. Conery, Jonathan W. Perry, and Gary J. Ortego, Judges.

**REVERSED AND REMANDED.**

**Kelvin G. Sanders**
**Attorney at Law**
**418 Desoto Street**
**P.O. Box 13922**
**Alexandria, Louisiana  71315**
**(318) 487-0009**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
> **Alexandria Hospitality Partners, L.L.C., et al**

**Richard A. Rozanski**
**Richard A. Rozanski, APLC**
**2312 South MacArthur Drive**
**Alexandria, Louisiana  71315**
**(318) 445-5600**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
> **Byline Bank**

**Barry Bader**
**Great Hospitality Minds**
**12500 NE 198th Street**
**Bothell, Washington  98011**
**COUNSEL FOR DEFENDANT/APPELLEE:**
> **Great Hospitality Minds**

**Thomas R. Willson**
**Attorney At Law**
**1330 Jackson Street, Suite C**
**Alexandria, Louisiana 71301**
**(318) 473-6650**
**BANKRUPTCY COUNSEL FOR DEFENDANT/APPELLANT:**
> **Alexandria Hospitality Partners, L.L.C.**

**CONERY, Judge.**

The trial court granted Byline Bank's summary judgment based on its Petition for Foreclosure by Ordinary Process and to Enforce Guaranties against Alexandria Hospitality Partners, L.L.C. (AHP), and The Alex Café, L.L.C. (Alex Café) known as (Primary Defendants). Byline Bank's Petition for Foreclosure by Ordinary Process and to Enforce Guaranties was also granted by the trial court against the parties referred to as Guarantor Defendants, which include, Kelvin W. Coney, Felica W. Coney, Jimmie Lee Johnson, Martin W. Johnson, Karen Bowie Johnson, Gary Peter Jones, Elaine Foulcard Jones, Joyce A. Williams Rax, Dexter L. Hadnot and Cleais J. Hadnot. The Primary Defendants and Guarantor Defendants, who are hereinafter referred to as the AHP Appellants, appeal the trial court's ruling granting Byline Banks's summary judgment. For the following reasons we reverse and remand to the trial court.

### FACTS AND PROCEDURAL HISTORY

In May of 2016, Martin W. Johnson, as Manager of primary defendant AHP and on behalf of the AHP Appellants, began negotiations with Byline Bank to refinance its outstanding loan with Evangeline Bank and Trust Company (Evangeline Bank), which was secured by a multi-indebtedness mortgage on 4.37 acres of property and improvements located at 2211 North MacArthur Drive, Alexandria, Louisiana. (Evangeline Bank's Mortgage). The parties reached an agreement on the refinancing of the property and Mr. Johnson provided Byline Bank, who was represented by Mr. William Harrigan, with the legal description of the 4.37 acres securing the Evangeline Bank Mortgage.

On April 28, 2017, Mr. Johnson attended the loan closing of the Byline Bank Mortgage. He was presented with the Promissory Note, which was secured by a Mortgage, a Security Agreement and Assignments of Rents and Leases. The

Mortgage contained a legal description that reflected 5.49 acres of property as opposed to the 4.37 acres securing the Evangeline Bank Mortgage.

Mr. Johnson, in the presence of Mr. Harrigan, edited the legal description of the Mortgage to reflect the 4.37 acres agreed to by the parties. Each of the other defendants present also initialed the legal description as attested in their affidavits submitted in opposition to Byline Bank's motion for summary judgment.

The closing of the Byline Bank Mortgage proceeded before a notary public and Mr. Harrigan signed as one of the witnesses. The signed closing documents were given to Mr. Harrigan. Mr. Johnson was not provided with a copy of the Byline Bank Mortgage closing documents. Relying on the Byline Bank Mortgage closing documents, the AHP Appellants signed a U.S.D.A. Rural Development Form[1] as guarantors of the Promissory note.

On May 15, 2017, Mr. Harrigan sent an email to Mr. Johnson asking why the hand-written change was made to the legal description at the closing of the Byline Bank Mortgage. Mr. Johnson responded by providing a copy of the legal description contained in the Evangeline Bank Mortgage transaction which reflected the agreed to 4.37 acres. No response from Mr. Harrigan was forthcoming.

Despite this knowledge, Byline Bank filed the Byline Bank Mortgage closing documents with a legal description stating the Promissory Note was secured by a Mortgage reflecting 5.49 acres. A dispute arose between the parties which resulted in Byline Bank filing a Petition for Foreclosure by Ordinary Process and to Enforce Guaranties of the Byline Bank Mortgage.

The AHP Appellants appeared and filed an Answer and Reconventional Demand to Byline Bank's petition in which the AHP Appellants alleged damages

---

[1] RD 4279.14.

2

due to detrimental reliance, fraud and or defamation. The AHP Appellants also filed a Peremptory Exception of No Cause of Action and Dilatory Exception of Vagueness and Ambiguity. As per the trial court's Judgment of March 3, 2021, these affirmative defenses have not been addressed and are therefore still pending before the trial court.

On June 17, 2020 Byline Bank filed a motion for summary judgment based on the Byline Bank Mortgage documents and a Memorandum in support of its summary judgment. After numerous other filings, the trial court held a hearing on January 19, 2021 on the motion for summary judgment filed by Byline Bank seeking to enforce the Byline Bank Mortgage. The AHP Appellants' filings were also fixed for hearing on the same date. The trial court found in favor of Byline Bank based on the Byline Bank Mortgage documents. The trial court held all the AHP Appellants liable in solido for $3,800,742.97, the amount owed on the Promissory Note as of April 30, 2020, plus a per diem interest rate of $637.73, and protective advances, additional attorney fees and collection costs.

The trial court's summary judgment in favor of Byline Bank was signed by the trial court on March 3, 2021. The trial court found "that there is no just reason for delay and that this judgment shall be, and is hereby, designated as a final judgment pursuant to La.Code Civ.P. arts. 1911 and 1915(A)" and was, therefore, designated an appealable final judgment despite the still pending reconventional demand, peremptory exceptions, and dilatory exception filed on behalf of the AHP Appellants.

The trial court denied the AHP Appellants' motion for new trial on May 24, 2021. The AHP Appellants filed a motion for a suspensive appeal and the trial court set the bond at $3,800,742.97. No bond was posted and the suspensive appeal was converted to a devolutive appeal.

*Chapter 11 Bankruptcy Filing By Alexandria Hospitality Partners, L.L.C.*

Shortly after filing this appeal, the primary defendant, Alexandria Hospitality Partners, L.L.C., filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, Case Number 21-80242, on the docket of the United States Bankruptcy Court, Western District of Louisiana, Alexandria Division. Counsel for Byline Bank notified the district court of the filing and asked that a motion authorizing access to the property at issue be stayed pursuant to 11 U.S.C. § 362.

This court, after a review of the record of the Chapter 11 filing of Alexandria Hospitality Partners, L.L.C., stayed the matter and requested additional information from counsel concerning the effect of 11 U.S.C. § 362 on the appeal before this Court, as only Alexandria Hospitality Partners, L.L.C., and none of the other Appellants, Alex Café and the Guarantor defendants, had filed a petition for bankruptcy.

This court stayed oral argument slated for January 25, 2022. On January 14, 2022, this court ordered new counsel for Alexandria Hospitality Partners, L.L.C., et. al. to show cause by brief on or before January 31, 2022 why this case should not be stayed pending a ruling from the Bankruptcy Court. No response was received from counsel for Alexandria Hospitality Partners, L.L.C., et. al.

However, on February 8, 2022, this court received a response from counsel for Byline Bank urging this court to proceed with the appeal, either against all parties, including Alexandria Hospitality Partners, L.L.C., or the remaining parties, Alex Café and the Guarantor Defendants, who had not filed for Chapter 11 Bankruptcy.

On February 11, 2022, after conducting its own extensive research, this court ordered, Thomas Wilson, counsel representing Alexandria Hospitality Partners, L.L.C. before the Bankruptcy Court, to show cause by brief no later than February 28, 2022 why this case should not be stayed pending a ruling from the Bankruptcy

Court.

On February 28, 2022, this court received a response from Mr. Wilson which in essence indicated that 11 U.S.C. § 362 prevented an action "against the debtor" He further asserted that 11 U.S.C. § 362 "does not prevent the debtor from taking any action it could otherwise." Therefore, there was no restriction on his client continuing to pursue its appeal pending in this court prior to the bankruptcy filing. Additionally, counsel also concluded that there was no basis to stay the appeal also filed by the co-debtors, as "[t]here was no co-debtor stay for Chapter 11," the chapter under which the Alexandria Hospitality Partners, L.L.C. filed for bankruptcy relief.

After reviewing the response from bankruptcy counsel for Alexandria Hospitality Partners, L.L.C. and having received no response to the rule to show cause, dated January 31, 2022, from counsel for the AHP Appellants in this appeal, this court lifted the stay, and fixed this case for oral argument on April 27, 2022, with notice to all counsel, including bankruptcy counsel for Alexandria Hospitality Partners, L.L.C. Following oral argument, the matter was submitted for decision by this court.

## LAW AND DISCUSSION

*Standard of Review - Summary Judgment*

A court of appeal reviews summary judgments de novo, using the same standard used by the trial court. *Higgins v. Louisiana Farm Bureau Cas. Ins. Co.*, 20-1094 (La. 3/24/21), 315 So.3d 838. Pursuant to La.Code Civ.P. art. 966(A)(2), the summary judgment procedure is favored and must be construed to accomplish its purpose of "the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." Article 966(A)(3) further provides that the "motion for summary judgment shall be granted if the motion, memorandum, and

supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."

The Louisiana Supreme Court in *Larson v. XYZ Insurance Co.*, 16-745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416-17, further provides:

> In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id*. at 765-66.
>
> . . . .
>
> When a motion for summary judgment is made and supported as provided in La. C.C.P. art. 967, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in La. C.C.P. art. 967, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B); *see also Dejoie v. Medley*, 2008-2223 (La. 5/5/09), 9 So.3d 826, 832. Whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Richard v. Hall*, 2003-1488 (La. 4/23/04), 874 So.2d 131, 137

*Issue of a Credibility Determination By the Trial Court*

The AHP Appellants' basic argument on appeal is that the trial court made credibility determinations, evaluated testimony, and weighed evidence from witness affidavits, which made summary judgment inappropriate. The AHP Appellants further argue that their reconventional demands "could offer the AHP Appellants a shield against potential liability to Byline [Bank]." AHP Appellants seek discovery on their reconventional demands and have requested a jury trial.

Byline argues that it provided sufficient evidence of the claims for breach of Note, Mortgage, and Guarantees which did not require the trial court to make any

judicial determinations which called for credibility determinations or the weighing of testimony. Based on the record before us, we disagree.

All of the parties have indicated that the reason for the new loan with Byline Bank was to pay off the Multiple Indebtedness Mortgage executed on December 30, 2014 between Alexandria Hospitality Partners, LLC and Evangeline Bank. As previously indicated, the legal description contained in the Evangeline Bank Mortgage indicates the "tract contains 4.37 acres more or less," the exact amount the AHP Appellants claimed was supposed to be on the Byline Bank Mortgage documents at issue in this case.

It is undisputed that Alexandria Hospitality Partners, LLC transferred 1.118 acres of the property to Vine Capital, L.L.C. The Act of Transfer was recorded on April 28, 2017 at 9:36 a.m. in Rapides Parish Clerk of Court Conveyance Book 2060, Pages 357-360. The Act of Transfer is undated, but Byline Bank claimed the transfer was executed the day before the Byline Bank's Mortgage was scheduled to close on April 28, 2017.

Byline Bank states this transfer was done without its knowledge. However, Mr. Martin W. Johnson, on behalf the primary defendant Alexandria Hospitality Partners, L.L.C., stated in his affidavit submitted in opposition to Byline Bank's motion for summary judgment that on April 27, 2017 he emailed Mr. Bill Harrigan, the Loan Officer for Byline Bank, "confirming that the property subject to the Byline mortgage securing the Byline promissory note was the same property subject to the Evangeline Bank Mortgage: 4.37 acres at 2211[North] MacArthur Drive, in Alexandria Louisiana."

At the closing on April 28, 2017, the description of the amount of acreage was incorrect on the Byline Bank Mortgage documents. The AHP Guarantors submitted affidavits attesting that at the closing, a correction was made in the legal description

7

of the Byline Bank Mortgage documents changing the listed 5.49 acres to 4.37 acres. The 4.37 acres reflected the actual amount of acreage evidenced by the Evangeline Bank Mortgage, the basis for the new Byline Bank Mortgage. The affidavits of all of the AHP Appellants indicate the change in the Byline Bank Mortgage was initialed by all parties, including Mr. Johnson on behalf of Alexandria Hospitality Partners, L.L.C., Mr. Harrigan, the Loan Officer for Byline Bank and the AHP Guarantors.

The legal description of the property securing the loan at 2211 North MacArthur Drive, Alexandria, Louisiana contained in the Byline Bank Mortgage documents was ultimately filed twenty-one days later in the Mortgage Records of the Rapides Parish Clerk of Court, Mortgage Book 3016, Page 493 at 510.

The Byline Bank's Mortgage documents which were filed did not contain the 4.37 acres agreed to by the parties. Instead, the legal description, evidenced on page 510, still contained the 5.49 acres, not the 4.37 acres. Further, the Byline Bank Mortgage document evidenced no sign of the notations or initials approving the 4.37 acre description, as attested to by all of signees to the Byline Bank Mortgage documents in their affidavits filed in opposition to Byline Bank's motion for summary judgment.

Mr. Johnson contends in his affidavit that "[a]fter the loan closing, my handwritten correction to 'Exhibit A,' attached to Byline Bank's mortgage was removed and replaced with a different document that I did not agree to." The document in question is entitled "Post Closing Compliance Agreement," and contains a waiver of any problems with the Byline Bank Mortgage documents signed at the closing on April 28, 2017. The Byline Bank Mortgage document has a second page, with the date April 28, 2017 written at the top of page two, and is signed with the full signatures of the AHP Appellants. This is clearly not the referenced initialed

document attested to in all of the affidavits submitted by the AHP Appellants in opposition to Byline Bank's motion for summary judgment, supported by Byline Bank's Mortgage document.

Mr. Johnson further attested that, "[t]wenty one (21) days after the loan closing, Byline recorded the mortgage in the public records with the wrong property description stating 5.49 acres as opposed to the correct 4.37 acres." In conclusion, Mr. Johnson, states "I did not agree to the new 'Exhibit A' which Byline recorded. I did not authorize the change to 'Exhibit A' with my handwritten correction to the property description."

The Legal Description in the Byline Bank's Mortgage supporting Byline's Bank's motion for summary judgment was filed in the Mortgage Records of the Rapides Parish Clerk of Court in Book 3016, Page 510. It is clearly not the Legal Description contained in the Multiple Indebtedness Mortgage executed on December 30, 2014, between Alexandria Hospitality Partners, LLC and Evangeline Bank. The Evangeline Bank Mortgage was the source of the loan with Byline Bank. As previously indicated, the legal description in the Evangeline Bank Mortgage, clearly states that the acreage in question is 4.37 acres and not 5.39 acres, referenced in the Byline Bank Mortgage submitted into the record in support of its summary judgment.

*Reformation Of The Byline Bank Mortgage*

The trial court in its judgment reformed the amount of acreage by finding the legal description of the Byline Bank Mortgage should have been 4.37 acres and not 5.49 acres, as per the legal description in the mortgage filed by Byline Bank in support of its summary judgment and filed in the Rapides Parish Clerk of Court's Mortgage Records. The trial court based its reformation of the Byline Bank Mortgage document by finding that the AHP Appellants could not use the acreage it

had transferred as collateral for a promissory note connected with a mortgage on property it did not own.

This finding by the trial court was based on the contested argument of Byline Bank that the Act of Transfer by the AHP of 1.118 acres to Vine Capitol, LLC, as recorded in Book 2060, Page 357 of the Conveyance Records of the Rapides Parish Clerk of Court on April 27, 2017, the day before the closing of the Byline Bank's Mortgage, resulted in the improper legal description of the acreage contained in the Byline Bank's Mortgage documents supporting its summary judgment.

As previously stated, the AHP Defendants opposed the motion for summary judgment with affidavits, email correspondence, and record documents which support their assertion that Byline Bank's Mortgage documents filed in support of its motion for summary judgment may have been altered. It is clear that from the very beginning of the negotiations between the parties the amount of the acreage agreed to was 4.37, not 5.39, as evidenced by the record which contains the Evangeline Bank Mortgage replaced by the Byline Bank Mortgage.

The trial court recognized that the legal description in the Byline Bank Mortgage was not correct. Nevertheless, it reformed the amount of the acreage based on Byline Bank's assertion that the mistake in the acreage was due to the Act of Transfer, executed on April 27, 2017. The trial court then granted summary judgment in favor of Byline Bank, based on the Byline Bank Mortgage documents, containing a Promissory Note, Mortgage and Guarantees. The trial court also awarded attorney fees and other costs associated with the foreclosure.

In *WMC Mortgage Corp. v. Weatherly*, 07-75, p. 4 (La. App. 3 Cir. 6/13/07), 963 So.2d 413, 416, *writ denied*, 07-1475 (La. 10/5/07), 964 So.2d 945, a panel of this court discussed reformation of a mortgage document and promissory note after a trial on the merits and stated:

Reformation is an equitable remedy that is available to correct errors or mistakes in written instruments only when the instruments as written do not reflect the true intent of the parties. *Agurs v. Holt,* 232 La. 1026, 95 So.2d 644 (1957). In a reformation action the party seeking reformation bears the burden of establishing mutual error and mistake by clear and convincing proof. *Id.*

> A mutual mistake is a mistake shared by both parties to the instrument at the time of reducing their agreement to writing, and the mistake is mutual if the contract has been written in terms which violate the understanding of both parties; that is, if it appears that both have done what neither intended. The evidence of mutuality must relate to the time of the execution of the instrument and show that the parties then intended to say one thing and by mistake expressed another and different thing.

*Teche Realty & Inv. Co., Inc. v. Morrow,* 95-1473, p. 4 (La.App. 3 Cir. 4/17/96), 673 So.2d 1145, 1147 (citation omitted).

The panel in *WMC Mortgage* also stated that, "[a]s a general rule, whether there is a mutual error is mainly a question of fact . . . ." *Id.* at 416. Accordingly, the determination by the trial court to reform the Legal Description in Byline Bank's Mortgage supporting the Promissory Note in this case required a finding of fact and thus was not appropriate for summary judgment, as it required a credibility determination. Further, Byline Bank failed to carry its burden of proof "of establishing mutual error and mistake by clear and convincing proof." *Id.*

Based on the record before us we find that the trial court erred in reforming the Legal Description contained in Byline Bank's Mortgage document supporting the Promissory Note. In so doing the trial court made a factual determination which is precluded in a motion for summary judgment. We therefore reverse the trial court's Judgment of March 3, 2021 in its entirety and remand this case for further proceedings.

**CONCLUSION**

For the foregoing reasons, we reverse in its entirety the March 3, 2021 judgment of the trial court which granted summary judgment on Byline Bank's Petition for Foreclosure by Ordinary Process and to Enforce Guaranties against Alexandria Hospitality Partners, L.L.C., The Alex Café L.L.C., and Kelvin W. Coney, Felica W. Coney, Jimmie Lee Johnson, Martin W. Johnson, Karen Bowie Johnson, Gary Peter Jones, Elaine Foulcard Jones, Joyce A. Williams Rax, Dexter L. Hadnot and Cleais J. Hadnot. All costs of this proceeding are assessed against Plaintiff/Appellee Byline Bank.

**REVERSED AND REMANDED.**