# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 24-428


RAMONA SMITH-JOHNSON, ET AL

VERSUS

ROBERT WAYNE BUSHNELL


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2020-247
HONORABLE ERROL DAVID DESHOTELS, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Charles G. Fitzgerald, and Guy E. Bradberry, Judges.


**AFFIRMED.**

**Benjamin O. Burns**
**Attorney at Law**
**224 Saint Landry Street, Suite 2-D**
**Lafayette, Louisiana 70506**
**(337) 232-7239**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Robert Wayne Bushnell**

**Ogden L. Pitre**
**Pitre Law Firm**
**511 East Landry Street**
**Opelousas, Louisiana 70570**
**(337) 942-1990**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Robert Wayne Bushnell**

**Chad Guidry**
**Attorney at Law**
**Post Office Box 447**
**Kinder, Louisiana 70648**
**(337) 738-2280**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Ramona Smith-Johnson**
**Trinion Dwight Smith**
**Marla Kay Smith**
**Jeanice Lemon**

**GREMILLION, Judge.**

Defendant, Robert Wayne Bushnell, appeals the trial court's judgment reforming a property description in a cash deed for the purchase of property from the Plaintiffs, Ramona Smith Johnson, Trinion Dwight Smith, Marla Kay Smith Batiste, and Jeanice Lemon. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2016, Defendant purchased property from Plaintiffs for $90,000.00 described in a cash deed executed before a notary and two witnesses as:

> "Lot Thirty-Six (36) of NIXON ADDITION, of the town of Kinder, per plat duly recorded in the records of Allen Parish, Louisiana, together with all buildings and improvements thereon.
>
> Municipal Address:      1703 Bernard Street
>                                        Kinder, LA 70648"

While the municipal address of 1703 Bernard Street is the only structure listed in the cash deed, another structure, separated by a fence, is undisputably legally part of Lot 36 and has a municipal address of 1707 Bernard Street. This house was occupied by a tenant at the time of sale and for three years after the sale. The tenant paid rent to Ramona Smith Johnson of $100 per month. Johnson also paid for insurance and yard maintenance for the property. It is this property that Defendant claims was part of the sale.

In 2020, Plaintiffs filed a petition for reformation of contract urging that the deed filed into the Allen Parish records erroneously stated "Lot 36 of the Nixon Addition" when the Plaintiffs did not intend to sell, nor did Defendant intend to buy, the property located at 1707 Bernard Street. Plaintiffs stated they were not made aware of this mutual mistake until July 2020, when Defendant placed "no trespassing" signs in front of the home at 1707 Bernard Street subsequent to the tenant's departure

from the home. Defendant answered the petition and alleged the error was unilateral. Following an April 22, 2024 bench trial, the trial court's May 10, 2024 judgment granted the reformation to omit the residence located at 1707 Bernard Street from the cash deed. Defendant now appeals.

## ASSIGNMENTS OF ERROR

Defendant assigns as error:

1. The trial court erred in finding that the parties had a meeting of the minds to "exclude the municipal address of 1707 Bernard Street." Or to state another way, the trial court erred in finding that there was a mutual error by the parties.

2. The trial court erred by assuming facts not in evidence when it found that the Appellant went to the Assessor's office and viewed an aerial photograph of the property outlined in his name which "made him think" that he was the owner of both houses.

3. The trial court erred in finding that Appellees met their burden of proof to reform an authentic act.

## DISCUSSION

The trial court's judgment reforming the cash deed stated as follows:

"Lot Thirty-Six (36) of Nixon Addition, of the town of Kinder, per plat duly recorded in the records of Allen Parish, Louisiana, together with all buildings and improvements thereon."

Is hereby amended and supplemented to read:

"Lot Thirty-Six (36) of Nixon Addition, of the town of Kinder, per plat duly recorded in the records of Allen Parish, Louisiana, together with all buildings and improvements thereon;

LESS AND EXCEPT that portion of said tract described as: Beginning at the Southeast corner of said Lot 36; thence North along the Eastern boundary of Lot 36 to the Northeast corner of said Lot 36; thence West along the Northern boundary of said Lot 36 to an existing fence line intersecting said Northern boundary; thence run in a Southernly direction along said existing fence line to a point on the Southern boundary of Lot 36; thence run East along said Southern Boundary back to the Point of Beginning."

In its lengthy oral reasons for judgment, the trial court stated in part:

[T]he Court finds that the evidence is overwhelming that the meeting of the minds between the parties was that what was the intent of the contract was to sell only that address of 1703 Bernard Street, and exclude the municipal address of 1707 Bernard Street. In the Court's opinion the evidence is overwhelming. Number 1, the Johnsons continued to rent the property, 1707, to Ms. Celestine; Number 2, the Johnsons continued to keep that rent house insured as long as Ms. – the renter was renting the property; Number 3, the Johnsons continued to mow the grass on the rent property. And for several years Mr. Bushnell made no claims to try to possess that. Only until later, I think when he went to the Assessor's office and saw how the lines were drawn, perhaps after consulting an attorney, he thought that the error in description would be in his favor. So, for those reasons described the Court rules in favor of the plaintiffs in this case[.]

## ASSIGNMENTS OF ERROR ONE AND THREE

*Reformation*

Reformation is an equitable remedy that is available to correct errors or mistakes in written instruments only when the instruments as written do not reflect the true intent of the parties. *Agurs v. Holt*, 232 La. 1026, 95 So.2d 644 (1957). In a reformation action the party seeking reformation bears the burden of establishing mutual error and mistake by clear and convincing proof. *Id.*

> A mutual mistake is a mistake shared by both parties to the instrument at the time of reducing their agreement to writing, and the mistake is mutual if the contract has been written in terms which violate the understanding of both parties; that is, if it appears that both have done what neither intended. The evidence of mutuality must relate to the time of the execution of the instrument and show that the parties then intended to say one thing and by mistake expressed another and different thing.

*Teche Realty & Inv. Co., Inc. v. Morrow*, 95–1473, p. 4 (La.App. 3 Cir. 4/17/96), 673 So.2d 1145, 1147 (citation omitted).

As a general rule, whether there is a mutual error is mainly a question of fact, and the trial court's factual finding cannot be disturbed on appeal unless it is clearly wrong. *Succession of Jones v. 417 Jones*, 486 So.2d 1124 (La.App. 2 Cir.), *writ denied*, 489 So.2d 249 (La.1986). The manifest error or clearly wrong standard demands great deference for the trier of fact's findings. *Theriot v. Lasseigne*, 93–2661 (La.7), 640 So.2d 1305. Where different, yet permissible, views of the evidence exist, the factfinder's choice from among the different permissible views cannot be manifestly erroneous or clearly wrong. *Stobart v. State, Through Dep't. of Transp. & Dev.*, 617 So.2d 880

(La.1993). "[T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Id.* at 882.

*WMC Mortg. Corp. v. Weatherly*, 07-75, p.4-5 (La.App. 3. Cir. 6/13/07), 963 So.2d 413, 416-17, *writ denied*, 07-1475 (La. 10/5/07), 964 So.2d 945.

The trial court found that the parties only intended to convey a portion of the Lot 36 Nixon Addition–the part bearing municipal address 1703 Bernard Street– thus, the mutual error at the time of the confection of the Cash Deed was the listing of the "Lot 36 of the Nixon Addition" without excluding the home located at 1707 Bernard Street in the deed. While Defendant argues the error was unilateral on the Plaintiffs' part and a reformation is impossible, we disagree. Defendant states in brief that, "the record in this case is void of any evidence proving or even suggesting that there was an error made on Appellant's part." On the contrary, the trial court was presented with multiple documents supporting Plaintiffs' claims and did not manifestly err in crediting Plaintiffs' testimony over Defendant's version of events.

Defendant's mortgage, which was submitted into evidence, lists the property subject to the mortgage as "The Property or its address is commonly known as 1703 BERNARD STREET, KINDER, LA 70648." Attached to the mortgage is the legal description referencing lot 36 of the Nixon Addition. The Purchase and Sale Agreement entered into between the parties in December 2015 lists the property address as "1703 Bernard St.; Kinder, LA 70648 Allen Parish." Defendant's appraisal report references only 1703 Bernard Street and includes only pictures of the house located at that address. A separate appraisal purchased by Plaintiffs, dated September 21, 2015, lists only the 1703 Bernard Street address. Plaintiffs rented, insured, and maintained the property at 1707 Bernard Street.

4

Bushnell testified:

> Q. What is the municipal house or the other house? I assume the 1703, you indicated that is your current address.

> A. Right.

> Q. Yeah.

> A. There was no other address on it. When I recognized, after I purchased –

> Q. Uh huh.

> A. –well actually before I purchased the home, I came up here to the courthouse to look at the property description. And all it had was Lot 36. But after looking into it and the measurements and everything, it had two houses on it.

> Q. Okay. So after you purchased the property you realized that you had two houses on your one piece of property?

> A. Yeah, I mean, I – like I said, as I came up here to look at it, I knew with the dimension of the lot, there was two homes on it.

> Q. Okay. So, you discovered that after your deed was already filed?

> A. No, before.

> Q. Before. So, before you came into possession of this deed you already knew that Lot 36 had two houses on it?

> A. Yeah.

He stated he did not do anything to the other house, no one was living it, and he took "possession" of it immediately. Regarding taking "possession" of the property, he testified:

> Q. Okay. When did you do that?

> A. Well, I did that when I purchased it.

> Q. Okay. But you just indicated that you came up here after it was –

> A. I came up here after I had already purchased it.

5

Q. Yes.

A. I knew what I was buying. I came up here to – actually what I came up here for was to make sure that everything was recorded—

Q. Okay.

A. –as what was stated when I first came up here.

Q. And when did you do that?

A. That was a little while after. I can't remember when.

Q. In 2020?

A. But- whatever time it was.

Q. Okay. About the same time that you got this lawsuit?

A. About the same time, Right.

Q. Yeah.

A. But I know what I had purchased.

Bushnell stated that he placed a "no trespassing" in front of 1707 Bernard Street four years after he "bought it." Although formerly stating that no one lived in the house, he agreed that the tenant had lived there but paid him no rent. Additionally, while he maintained property insurance on 1703 Bernard Street, he had none on 1707 Bernard Street because, according to Defendant, 1707 Bernard Street is not a municipal address; it is just part of Lot 36. He admitted there is a fence between the houses running all the way to the road. He admitted that the appraisal he ordered only included the house at 1703 Bernard Street and that he paid $90,000.00 for the house that was appraised at $92,000.00. He then testified that the house at 1707 Bernard Street had no value, that he wished to tear it down, and the only reason he had not done so is because he had to spend the money "on this," referring to his lawyer to defend the suit.

Defendant stated that he allowed the tenant to stay because Johnson had told him that was her father's wish since the tenant had nowhere else to go. However, he said he had no conversations with the tenant nor provided any landlord services to her. He also said that he had been cutting the grass there since he purchased Lot 36 in 2016.

Johnson testified about her conversation with Defendant regarding the house at 1707 Bernard Street prior to the sale:

> Q. And did you at any point in time discuss the other house located on that lot?
>
> A. Well, he asked about the other house.
>
> Q. Okay. What was his questions regarding that?
>
> A. What about [the tenant]? And I told him, I said, well, you know, that is part of our property. And that I would be handing everything with [the tenant]. And I continued to do that.

Johnson testified that the tenant left sometime in 2019 after falling ill. She said that the tenant paid rent directly to her every month. She stated that Defendant had contacted her a few times complaining about the activities next door. Johnson maintained insurance on the property through 2019 once the tenant moved out. Johnson stated that she only became aware of the "no trespassing" sign after her landscaper went to mow the yard. Johnson then called Defendant and described the conversation she had with him as follows:

> A. I told him that when the yard guy had gone there and he had seen the sign. And then I called Mr. Robert Wayne, what is going on. And he said that he owns the property. I told him no, Robert Wayne, you do not own that. You own the house. And we own the other house. And so I went through with him, you know, everything that we had talked about prior to the sell [sic].

7

Johnson said she was "definitely not" aware that Lot 36 included both houses. She said they have always been considered separate properties and that her aunt owned the house at 1707 Bernard Street before selling it to her father. On cross examination, Johnson reviewed a number of donation documents that list the property as "Lot 36" without specifying municipal addresses. Johnson was questioned:

> Q. I guess what I am trying to understand is, how if all the property that your parents owned was disposed of, with the exception of Lot 36, how can you now make a claim that you didn't intend to sell [1707] when there is no document, nothing – no legal document that we are able to see to suggest how did you acquire [1707]?

> A. The – based upon the addresses, there was always was two pieces of property. Based upon the address and what we were told as children.

Johnson admitted that Lot 36 had never been legally separated in the public record.

Marla Kay Smith Batiste testified that she only intended to sell one of the houses on lot 36, the one located at 1703 Bernard Street.

In light of a review of the entire record, we find no error in the trial court's finding of mutual error at the time of confection of the Cash Deed that conveyed the entire Lot 36 Nixon Addition rather than only the portion bearing municipal address 1703 Bernard Street. Every document pertaining to the sale specifically references Defendant's purchase as 1703 Bernard Street. Two appraisals included only photos of the home located at 1703 Bernard Street. While it is true that Lot 36 had never been properly partitioned due to the intrafamily donations, the facts prove overwhelmingly that the properties were separate municipal addresses and the Plaintiffs retained ownership of 1707 Bernard Street as they continued to rent it, insure it, and maintain it. Defendant's testimony regarding his knowledge at the

time of sale and his "possession" of 1707 Bernard Street lacks credibility. Accordingly, we find no error in the trial court's finding that both parties intended the sale of only the 1703 Bernard Street municipal residence.

## ASSIGNMENT OF ERROR TWO

Defendant argues the trial court improperly assumed facts not in evidence pertaining to an aerial photograph of Lot 36 from the Tax Assessor's office. The trial court's speculation as to how Defendant may have been alerted that Lot 36 legally included the houses at 1703 and 1707 Bernard Street is irrelevant in determining whether there was a mutual error that the cash deed was not intended to include the sale of the municipal address of 1707 Bernard Street. Accordingly, this assignment of error is without merit.

## CONCLUSION

The trial court did not manifestly err in finding the cash deed required reformation to exclude the municipal address located at 1707 Bernard Street. All costs of this appeal are assessed against Defendant-Appellant, Robert Wayne Bushnell.

**AFFIRMED**.